IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lesa A. Miller, | Civil Action No.:4:13-880-MGL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Murphy Oil USA #8517, | |
| Defendant. | |

This matter is before the court on Plaintiff's motion to remand. (ECF No. 9). Plaintiff Lesa A. Miller ("Plaintiff") originally filed suit in the Court of Common Pleas of Dillon County, South Carolina. The complaint alleges claims for negligence and premises liability arising from a slip and fall accident that occurred on Defendant's premises on July 21, 2012. On April 2, 2013, Defendant removed the case to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. The complaint alleges an unspecified amount of damages sought. In the motion to remand, Plaintiff contends *inter alia* that this case should be remanded because Defendants are unable to demonstrate that the amount in controversy exceeds $75,000. (ECF No. 9 at 3). Defendant opposes the motion and argues that Plaintiff has not affirmatively asserted that her damages are not more than $74,999.99, inclusive of punitive damages. (ECF No. 14).

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). In *Tennis v. Orange Lake County Club, Inc.*, No. 4:10–cv–01186–RBH, 2010 WL 3610244, at *1–2 (D.S.C. Sept.14, 2010), the court found it appropriate to

consider plaintiff's post-removal clarification stipulating her claim would be limited to no more than $75,000, found the stipulation deprived the court of subject-matter jurisdiction, and remanded the matter to state court. *Id.* (*citing Tommie v. Orkin, Inc.*, No. 8:09–1225–HMH, 2009 WL 2148101, at *1–2 (D.S.C. July 15, 2009) ("[A] post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint.")).

Similarly, in this matter, Plaintiff's post-removal stipulation is permissible and should be given effect, making it clear that Plaintiff will not and cannot recover damages in excess of the $75,000 jurisdictional threshold. *See Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir.1995) (noting when a plaintiff "has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied, the court must dismiss the case outright for lack of jurisdiction."). Accordingly, the court is without subject matter jurisdiction and remands the case to the state court.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

September 12, 2013
Spartanburg, South Carolina